**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **NICOLE CHAPELL,**               ) <br> ) <br> **Plaintiff,**                    ) <br> ) <br> **v.**                               ) <br> ) <br> **UNITED PARCEL SERVICE, INC.,** ) <br> ) <br> **Defendant,**                ) <br> ) <br> _____ ) | Case No. 10-2603-WEB |

## MEMORANDUM AND ORDER

This matter is before the court on plaintiff's motions to extend the deadline for the completion of discovery. (Doc. 26 & 29). Defendant opposes the motions. For the reasons set forth below, the motions shall be **DENIED.**

### Plaintiff's First Motion to Extend Discovery (Doc 26)

The scheduling order requires that "all discovery shall be commenced or served in time to be completed by October 31, 2011." (Doc. 13). On October 28, 2011, plaintiff served her first set of interrogatories, requests for admission, and requests for production. On October 28 plaintiff also moved to extend the discovery deadline to December 15 so that she could take five depositions and complete written discovery. Defendant objects to the motion and requested extension, arguing that plaintiff fails to show "good cause" for

modifying the scheduling order as required by Fed. R. Civ. P. 16(b)(4). The court agrees that plaintiff's motion to extend discovery contains no showing of good cause; thus, her first motion to extend discovery shall be denied.[1]

### Plaintiff's Second Motion for Discovery (Doc. 29)

On November 11, 2011, plaintiff filed her second motion to extend discovery. In addition to requesting an extension to take the same five depositions listed in her first motion, plaintiff sought additional time to consider documents provided on October 31, 2011 by an attorney who represents 53 other individuals in suits against UPS for wrongful termination. In an attempt to address deficiencies in her first motion, plaintiff argues good cause exists because: (1) plaintiff's counsel was married and spent two weeks out of the country, (2) an associate left plaintiff's firm, and (3) counsel's schedule did not allow sufficient time to adequately prepare discovery materials.

As noted above, Fed. R. Civ. P. 16(b)(4) provides that a scheduling order may be modified only for good cause and with the judge's consent. The term "good cause" is a flexible concept and courts in this district generally examine the diligence of the party seeking to amend the schedule. Deghand v. Wal-Mart Stores, Inc., 904 F. Supp. 1218, 1221 (D. Kan. 1995). Propounding written discovery three days before the deadline for the completion of discovery reflects a lack of diligence on plaintiff's behalf. Moreover, the

---

[1] The motion is silent on the reasons discovery was not undertaken during the 180-day period for discovery.

reasons proffered for failing to diligently seek discovery during the 180-day discovery period are exceedingly vague and contain no specifics concerning dates or competing legal work. Such vague excuses do not demonstrate diligence in seeking discovery.[2]

Plaintiff's suggestion that an extension of discovery is warranted because of the October 31 receipt of documents from a lawyer handling similar employment discrimination cases is also not persuasive. There is no evidence that the documents would not have been available on a timely basis had plaintiff's counsel diligently pursued discovery.[3] The fact that plaintiff failed to serve *any* discovery requests until the last three days of the 180-day discovery period is fatal to plaintiff's argument for an extension of time.

---

[2] Plaintiff's lack of diligence is also reflected in her untimely responses to defendant's discovery requests. Plaintiff did not respond to *any* of defendant's discovery requests in a timely manner and even failed to appear for her scheduled deposition. The deposition was taken on a later date without incident.

[3] Even when viewed in its most favorable context, counsel's explanation at oral argument that he received no response until October 31, 2011 to his informal inquiry to other plaintiffs' attorneys falls short of good cause.

**IT IS THEREFORE ORDERED** that plaintiff's motions for an extension of time to complete discovery **(Doc. 26 & 29)** are **DENIED.**

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 22nd day of November 2011.

                                        S/ Karen M. Humphreys
                                        _____
                                        KAREN M. HUMPHREYS
                                        United States Magistrate Judge